**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0716-15T4

CARLOS GUERRERO,

    Appellant,

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS,

    Respondent.

_____

          Submitted July 25, 2017 — Decided  August 8, 2017

          Before Judges Ostrer and Leone.

          On appeal from the New Jersey Department of Corrections.

          Carlos Guerrero, appellant pro se.

          Christopher S. Porrino, Attorney General, attorney for respondent (Lisa A. Puglisi, Assistant Attorney General, of counsel; Nicole E. Adams, Deputy Attorney General, on the brief).

PER CURIAM

    Appellant Carlos Guerrero, at relevant times an inmate at Bayside State Prison, appeals from a Department of Corrections (Department) disciplinary decision.  A hearing officer found that

Guerrero committed prohibited act *.004, "fighting with another person . . . ." N.J.A.C. 10A:4-4.1(a) (2015).[1] The assistant superintendent upheld the decision after an administrative appeal. We affirm.

On August 18, 2015, a senior corrections officer observed an inmate named Quintero punch Guerrero, knocking him down. Guerrero then stood up and began to fight Quintero. The two tussled on the floor, while officers repeatedly commanded them to stop fighting and to separate. They eventually complied, and both suffered minor injuries. The following day, Guerrero was served with disciplinary charges, alleging he violated prohibited act *.004.[2]

Guerrero waived his right to twenty-four hours' notice and the disciplinary hearing took place the same day. Assisted by a counsel substitute, Guerrero stated he acted in self-defense, although he acknowledged he pushed back against Quintero. Relying on the senior corrections officer's report, the hearing officer concluded: "Insufficient evidence to support that inmate used self

---

[1] Under the regulation then in effect, the infraction was punishable by up to a year of administrative segregation, as well as the loss of up to 365 calendar days of commutation time. N.J.A.C. 10A:4-5.1(a) (2015).

[2] He was also charged with prohibited act *.306, "conduct which disrupts or interferes with the security or orderly running of the correction facility," N.J.A.C. 10A:4-4.1(a) (2015), but that charge was dismissed.

defense. Inmate did not attempt to retreat. Evidence supports the charge." The hearing officer concluded that Guerrero should be held accountable and that violence among inmates should be deterred. Guerrero received 180 days of administrative segregation and 180 days loss of commutation time.

In his administrative appeal, Guerrero conceded that the "[e]vidence presented supports finding of guilty to *.004." However, he sought reduced sanctions based on the circumstance of the fight, claiming that he was attacked. The assistant superintendent upheld the decision and stated, "No leniency will be afforded to you. Uphold all sanctions."

Guerrero raises the following points for our consideration:

> POINT I
>
> THE DECISION OF THE PRISON ADMINISTRATOR WAS NOT ADEQUATELY SUPPORTED BY SUBSTANTIAL CREDIBLE EVIDENCE IN THE ADMINISTRATIVE RECORD. THE DECISION WAS AT ODDS WITH THE AUTHOR OF THE CHARGE AND THE APPELLANT'S SELF-DEFENSE ARGUMENT IN VIOLATION OF THE APPELLANT'S RIGHT TO DUE PROCESS.
>
> POINT II
>
> THE HEARING WAS HELD IN VIOLATION OF NUMEROUS CODES OF TITLE 10A WHICH GOVERNS THE DISCIPLINARY PROCESS.
>
> POINT III
>
> THE APPELLANT SUBMITS THAT THE DISCIPLINARY HEARING OFFICER AND THE ADMINISTRATOR FAILED

3

TO ADEQUATELY REVIEW OR CONSIDER THE RECORD
IN DISMISSING APPELLANT'S PLEA FOR LENIENCY.

Guerrero's appeal lacks merit. He raises arguments that he did not raise below, or he expressly waived. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). As for his weight-of-the-evidence argument, he conceded on administrative appeal that the evidence supported the charge. In any event, we discern sufficient credible evidence in the record to support the finding that Guerrero failed to retreat or to cease fighting when commanded to do so; thus, self-defense was not available. See Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (stating that the appellate court shall disturb an administrative decision "only if it is arbitrary, capricious or unreasonable or it is not supported by substantial evidence in the record as a whole"); see also N.J.A.C. 10A:4-9.13(f) (setting forth six prerequisites to a self-defense claim, including "[t]he inmate had no reasonable opportunity or alternative to avoid the use of force, such as, by retreat or alerting correctional facility staff").

Guerrero was also not denied his procedural rights regarding notice, since he expressly waived them before the hearing. As for the sanctions, Guerrero claimed below that he was entitled to leniency because he was struck first. Now, he argues he is entitled to leniency "in light of [his] institutional record."

4

Aside from the fact that he did not raise that point before the assistant superintendent, Guerrero's face sheet report and progress notes disclose twelve prior findings of disciplinary violations, including multiple findings of guilt for fighting, assault, threatening conduct, and refusing to obey orders. We recognize that neither the hearing officer nor the assistant superintendent provided inmate-specific reasons for the selection of the sanctions, which included the middle of the range for administrative segregation and loss of commutation time. Cf. Mejia v. N.J. Dep't of Corrs., 446 N.J. Super. 369, 378-79 (App. Div. 2016) (stating that a hearing officer should articulate the reasons for imposing a particular sanction). However, in view of Guerrero's extensive disciplinary record, we conclude the sanction was neither arbitrary, capricious, nor unreasonable. See Henry, supra, 81 N.J. at 580.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION